**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 12-cv-02555-RPM

STEPHEN BERKEN,

    Plaintiff,

v.

MICHAEL JUDE, individually, and
JUDE LAW, LLC, a Colorado limited liability company,

    Defendants.
_____

**MEMORANDUM OPINION AND ORDER**
_____

    Plaintiff Stephen Berken claims that Defendants Michael Jude and his law firm, Jude Law, LLC, engaged in false advertising and deceptive trade practices, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A-B), and the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-105.  Plaintiff seeks injunctive relief and money damages for those alleged violations.  Defendants have moved for summary judgment of dismissal.

    The following facts are material and considered provable.  Plaintiff and Defendants are consumer bankruptcy attorneys in Denver.  Defendants entered the local bankruptcy legal services market in 2008, and began advertising Chapter 7 bankruptcy services for a flat legal fee of $500.00.  Defendants placed ads on Google Words, so that advertisements such as the one below would appear whenever someone googled information on Denver bankruptcy:

    $500 Flat Fee Bankruptcy - No Hidden Fees -BBB Accredited
    www.judelawllc.com/
    Call NOW - 303.757.5833

A potential customer going to Jude Law, LLC's website would see the following advertisement on the firm's home page:



That advertisement is from September 2012. It is unclear when Defendants first posted the ad on their website. Defendants also placed an advertisement in a local newspaper at an undetermined time, as follows:

JudeLaw-$500 Bankruptcy -Attorney at Law - 303-757-JUDE - www.judelawllc.com

It is unclear how long Defendants' advertisements remained in circulation.

On May 24, 2010, Brett and Kerri Exner ("the Exners") retained Plaintiff Mr. Berken for a bankruptcy petition. Berken advised the Exners to file under Chapter 13, and estimated that his legal fees would total $7,000 for the filing. The Exners made a down payment of $500, and a subsequent payment of $360. Thereafter, Mr. Exner became concerned about Berken's legal advice, as well as his fees. Mr. Exner went on referrallist.com, an online consumer resource, where he researched Jude Law, LLC and saw that it had received positive reviews. Based on those reviews, the Exners hired Defendants in December 2010 to represent them in their bankruptcy proceeding. Mr. Exner's affidavit states that he and his wife were not influenced by Defendants' pricing advertisement. Around the same time, the Exners terminated their relationship with Berken.

In December 2010, Barbara Soto retained Mr. Berken to file a Chapter 7 bankruptcy on her behalf. Berken's office informed Ms. Soto that the filing would cost her $2,049. Ms. Soto paid a $50 retainer to Berken. She was subsequently unable to make the monthly payments to Berken's office, and realized that she would not be able to afford his services. According to her affidavit, Ms. Soto, like the Exners, researched Jude Law, LLC on referrallist.com, saw that it had received positive reviews, and decided to hire them instead. She said that she did not retain Mr. Jude's firm because of its advertisements relating to price.

Plaintiff initiated this action in September 2012, claiming that Defendants' ads touting a flat $500 fee for Chapter 7 bankruptcies are false and constitute deceptive business practices.

Plaintiff apparently brings his Lanham Act claim under two theories. First, he seeks relief under 15 U.S.C. § 1125(a)(1)(A), which proscribes false endorsement or association. As Defendants point out, the Complaint does not once allege that Defendants' advertising has caused confusion or mistake as to Jude Law's affiliation, connection, or its association with another lawyer or law firm, or as to the origin, sponsorship or approval of Jude's services by another person. Plaintiff's Response is silent on this issue. Therefore, Plaintiff is not entitled to relief on the basis of false endorsement or association.

To sustain his claim of false advertising under 15 U.S.C. § 1125(a)(1)(B), Plaintiff must establish that: (1) Defendants made a false or misleading description of fact or representation of fact in a commercial advertisement about their services; (2) the misrepresentation is material, in that it is likely to influence a consumer's purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a

substantial segment of its audience; (4) Defendants placed the false or misleading statement in interstate commerce; and (5) Plaintiff has been or is likely to be injured because of Defendants' misrepresentation. *See Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed. Appx. 978, 982 (10th Cir. 2004) (unpublished) (quoting *Scott Co. v. United Indus. Corp.*, 315 F.3d 264, 272 (4th Cir. 2002) (collecting cases)).

Assuming Mr. Berken has established the first four elements of his Lanham Act false advertising claim, he has failed to show that he has been or is likely to be injured as a result of Defendants' misrepresentations. To recover money damages in a non-comparative advertising case such as this one, a plaintiff must prove "actual injury" caused by the defendant's advertisements. *See Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1334-36 (8th Cir. 1997). Courts impose this requirement to prevent plaintiffs from receiving a windfall unrelated to their own damages. *See Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 209 n.8 (9th Cir. 1989); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802, 815-16 (D. Minn. 2011). Here, Mr. Exner and Ms. Soto's affidavits both state that Defendants' advertisements had nothing to do with their decision to defect from Berken; rather, they were dissatisfied with Berken's rates, and persuaded by positive reviews given to Defendants by former clients. In response, Plaintiff only offers conclusory assertions that Defendants advertisements caused the defections. That is not enough to put the Exner and Soto affidavits in genuine dispute. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003). Mr. Berken's Lanham Act claim of money damages must therefore be denied.

When seeking an injunction under the Lanham Act, a plaintiff does not need to establish actual damages, and is instead held to a lesser standard of proving that it is likely

that the defendant's advertising has caused or will cause plaintiff injury. *See Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186, 189 (2d Cir. 1980). To do so, a plaintiff must offer something more than a mere subjective belief that he is likely to be injured; rather, he must "submit proof which provides a reasonable basis for that belief." *Id.* at 189; *Aviva Sports*, 829 F. Supp. 2d at 815 (collecting authorities). The Tenth Circuit, following the Second and Eighth Circuits, has said that courts may presume injury when the parties are "obvious competitors" with respect to the service being misrepresented. *See Hutchinson v. Pfeil*, 211 F.3d 515, 522 (10th Cir. 2000) (citations omitted).

The record indicates that Plaintiff charges substantially more than Defendants to provide legal services. Plaintiff and Defendants nonetheless provide the same services (bankruptcy representation) in the same market (Colorado), and, as common sense demands and the cases of Mr. Exner and Ms. Soto demonstrate, a typical consumer will only engage one bankruptcy attorney at a time. The services offered by the parties do not supplement each other; a potential client's decision to retain a certain Colorado bankruptcy attorney effectively means one less potential client for all other bankruptcy attorneys in the state. For these reasons, Plaintiff and Defendants are obvious competitors. Plaintiff is therefore entitled to a presumption that Defendants' advertisements have caused him injury.

However, Plaintiff has failed to support that presumption with any evidence of injury. He has not shown that he lost specific clients due to Defendants' advertisements or that the ads persuaded specific consumers to choose Defendants as their bankruptcy counsel. He has not offered evidence demonstrating that he has lost revenue since Defendants started running their advertisements. And more generally, Plaintiff has failed to put forth consumer testimony, consumer surveys, or market studies showing if or how Defendants' ads affect

consumer behavior in shopping for legal services for bankruptcies. In the absence of any such proof, the Court concludes that Plaintiff has failed to establish a reasonable basis for his claim that he has been or is likely to be injured by Defendants' misrepresentation.[1] Plaintiff's Lanham Act claim must be dismissed.

To establish a claim for relief under the CCPA, Plaintiff must show: (1) that Defendants engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of Defendants' business; (3) that the practice significantly impacts the public as actual or potential consumers of Defendants' services; (4) that Plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the Plaintiff's injury. *See Crowe v. Tull*, 126 P.3d 196, 201 (Colo. 2006). For the reasons described above, Plaintiff's CCPA claim fails because he has not shown that he suffered injury in fact to a legally protected interest as a result of Defendants' advertisements.

Based on the foregoing opinion, it is,

ORDERED that Defendants' Motion for Summary Judgment is granted. The Clerk will enter judgment dismissing this civil action.

Dated: November 22, 2013.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge

---

[1] Plaintiff cites to *Gates Corp. v. Dorman Prods., Inc.*, No. 09-CV-02058-CAM, 2009 WL 5126556, at *4 (D. Colo. 2009), for the proposition that a plaintiff can establish likelihood of injury simply by showing that he and the defendant are in direct competition. *Dorman*'s reasoning applied in the context of a motion to dismiss, which only requires a plaintiff to allege a plausible claim for relief. Defeating summary judgment demands more.